UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Juan Carlos Hernandez )
)
)
v. )
) 05-40068
)
I.N.S. )
Warden David L. Winn, et al. )
)

PETITION FOR WRIT OF HABEAS CORPUS
28 U.S.C. § 2241; IN RE:
RELEASE FROM CUSTODY AND BRIEF

COMES NOW, Juan Carlos Hernandez, Petitioner, appearing Pro-Se and moves the Court as follows:

Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 2241 et seq; U.S. Constitution Art. I § 8 Cl. 6 and 10; III § 2 Cl. !,2, and 3; and 28 U.S.C. § 1331. Venue resides in this court ad hoc as both the INS and Petitioner reside and/or do business in the venue. I abide.

Background

The petitioner is a Cuban Refugee. He was convicted of Burglary 2nd degree and Larceny 3rd degree in the State of New York on June 8, 1984. He completed his state prison sentence on April 24, 1991 and was immediately transferred from State custody to Federal custody by the INS (defendant). Petitioner has not been out of custody and denied release from Federal Prison unconstitutionally for 14 years. Until now, there was no hope for Cuban Refugees

-1-

Immigration and Naturalization

To Immigration and Naturalization Service
U.S. Court House
65 Court Street
Buffalo, New York

Date of Report
September 7, 1984

*[handwritten notes in margin: A23 150 970 / Hernandez Dominguez / 6/27/58 / TC poss prob / SDP 4/25/84 / PR GUI]*

The information below is for a person believed to be an alien who was (Check one)

☒ COMMITTED TO THIS PENAL OR CORRECTIONAL INSTITUTION AS AN INMATE (See A & B below)

☐ ADMITTED TO THIS INSTITUTION AS A PATIENT (See A & C below)

A.

| LAST NAME | FIRST | MIDDLE | OUR IDENTIFICATION NO. |
|---|---|---|---|
| HERNANDEZ, | Juan | Carlos | 84-C-470 |

| ALIASES (If any) | OTHER IDENTIFICATION NO. (Immigration, FBI, Etc.) |
|---|---|
| None | |

| BIRTHPLACE (City or Town) | (Dist. Province, or State) | (Country) | BIRTHDATE |
|---|---|---|---|
| Havanna | | Cuba | 6/27/58 |

| LAST RESIDENCE | IMMIGRATION STATUS: |
|---|---|
| 28 Alexander St., Rochester, New York | ☒ ALIEN  ☐ U.S. CITIZENSHIP CLAIMED |

| IF U.S. CITIZENSHIP CLAIMED INDICATE HOW ACQUIRED AND SHOW CERTIFICATE NO. | MANNER OF ENTRY INTO U.S. |
|---|---|
| | Boat - Freedom flotilla |

| ADMISSION TO UNITED STATES (City and State where admitted): | (Date of admission) |
|---|---|
| Miami, Florida | 5/21/80 |

CLOSE RELATIVES - NAME, ADDRESS, RELATIONSHIP
Manuel Hernandez, 88 N. Moger Ave., Mt. Kisco, New York 10549

B. INFORMATION CONCERNING AN ALIEN PERSON COMMITTED TO THIS PENAL OR CORRECTIONAL INSTITUTION:

| CRIME CHARGED OR OF WHICH CONVICTED: | SECTION OF LAW OR ORDINANCE | EARLIEST POSSIBLE RELEASE DATE |
|---|---|---|
| Burglary 2nd/Grand Larceny 3rd | | 12/16/87 |

CRIMINAL RECORD
Several misdemeanor charges in 1983. A harassment charge is now pending. In instant offense, in concert, broke into a private ___ and stole property.

C. INFORMATION CONCERNING AN ALIEN PERSON INSTITUTIONALIZED AS A PATIENT:

DIAGNOSIS:

OPINION OF MEDICAL OFFICER AS TO ONSET OF PATIENTS CONDITION (Such as probable cause and approximate date condition began)

| Name of Reporting Agency or Institution | Reporting Officer or Director of Institution |
|---|---|
| Wende Correctional Facility | Pamela Griffith, IRC |
| Street and No. | City, State and ZIP Code |
| Wende Road, PO Box 187 | Alden, New York 14004 |

Form I-340 (Rev. 3-31-83)Y                                    GPO 897-909

DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

2000

NOTICE TO APPLICANT FOR ADMISSION DETAINED FOR HEARING
BEFORE IMMIGRATION JUDGE

To: _____ Juan Carlos Hernandez-Dominguez (A23 180 970) Date: April 24, 1991

PLEASE TAKE NOTICE THAT:

You do not appear to me to be clearly and beyond a doubt entitled to enter the United States. You may come within the exclusion provisions of Section 212(a) (9) of the Immigration & Nationality Act in that you were on June 8 1984 convicted at Monroe County, Rochester, New York, of a crime involving moral turpitude, to wit, 2nd degree Burglary and 3rd Degree Grand Larceny, in violation of Penal Law sections 20.00 and 140.25.

Therefore you are detained under the provisions of Section 235(b) of the Immigration and Nationality Act for a hearing before an Immigration Judge to determine whether or not you are entitled to enter the United States or whether you shall be excluded and deported. During such hearing you will have the right to be represented by counsel and to have a friend or relative present.

AT THE HEARING BEFORE THE IMMIGRATION JUDGE YOU MUST ESTABLISH THAT YOU ARE ADMISSABLE TO THE UNITED STATES UNDER ALL PROVISIONS OF THE UNITED STATES IMMIGRATION LAWS.

The hearing

☐ is scheduled for _____, _____, _____
                    (Time)              (Date)              (Place)

[XX] will be scheduled and you will be notified as to time and place. It is understood that you want the Notice of Hearing to be sent to you at the following address:

c/o U.S.I.& N.S.; 712 Main St.; Buffalo, New York; 14202; U.S.A.
(Street and Number)  (Apt. No.)  (City)  (Province)  (State)  (Country)

_____
(United States Immigration Officer)

CERTIFICATE OF SERVICE

Original of this notice was delivered to the above-named applicant by the undersigned on _____, and the alien has been advised of communication priveleges pursuant to 8 CFR 242.2(e).

_____
(United States Immigration Officer)

Form I-122
(Rev. 5-4-79)N

** LIMITED OFFICIAL USE **

FEDERAL BUREAU OF PRISONS
FMC DEVENS
POBOX 880, AYER, MA 01432

MENTAL STATUS UPDATE
January 26, 2005
HERNANDEZ-DOMIN, JUAN   Reg #: 41503-133

Mr. Hernandez was seen upon request by his unit team. He does not have a history of mental illness. He denied past/current suicidal ideation, intent, or plan.

During the current contact, an inmate interpreter was used since English is a second language for Mr. Hernandez. He presented to be oriented and displayed a bright affect. He did not present any acute distress at this time. He stated he has experienced painful ulcers for the past couple of years. He stated he is sleeping and eating appropriately. He did not endorse any psychotic symptoms. He denied auditory hallucinations.

Mr. Hernandez did not desire psychological services at this time. He indicated that he was aware of the cop-out system and he would contact psychology if he wanted services in the future.

PARK, MARILYN