```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JUAN CARLOS HERNANDEZ,         )
          Petitioner,          )
                               )
     v.                        )  C.A. No. 05-40068-PBS
                               )
DAVID L. WINN, WARDEN,         )
          Respondent.          )
```

## MEMORANDUM AND ORDER

Now before the Court is petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is confined to FMC Devens and challenges his detention pursuant to <u>Clark v. Martinez</u>, Nos. 03-878, 03-7434, 2005 WL 50099, 125 S. Ct. 716 (2005). Petitioner contends he has been detained beyond the six-month presumptively reasonable detention period under <u>Martinez</u>.

For the reasons stated below, (1) petitioner's application to proceed without prepayment of fees is denied; (2) petitioner must pay the $5.00 filing fee within forty-two (42) days from the date of this Order, or this action will be subject to dismissal; (3) the Court will direct the Clerk to (a) amend the case caption and (b) to serve the petition; and (4) the government, as part of their response, shall include proposed conditions of release, if any exist.

## DISCUSSION

I.  <u>Petitioner's Application to Proceed In Forma Pauperis</u>

A party filing a habeas petition in this Court must either (1) pay the applicable filing fee or (2) file an Application to

Proceed Without Prepayment of Filing Fees and Affidavit (the "Application"). See 28 U.S.C. 1914(a) ($5.00 filing fee for habeas petitions); 28 U.S.C. 1915 (proceedings in forma pauperis). The Application to Proceed Without Prepayment of Fees indicates that petitioner has $1050.00 on account at FMC Devens. Because petitioner has sufficient funds to pay the filing fee, his application is denied and petitioner must pay the $5.00 filing fee within forty-two (42) days from the date of this Order, or this action will be subject to dismissal.

    II.  The Clerk Shall Amend the Case Caption

An immigration detainee contesting the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition. Vasquez v. Reno, 233 F.3d 688, 695-696 (1st Cir. 2000), cert. denied, sub nom. Vazquez v. Ashcroft, 122 S. Ct. 43 (2001); 28 U.S.C. § 2243 (writ of habeas corpus is "directed to the person having custody of the person detained.").

Here, petitioner lists both Warden Winn and the Immigration and Naturalization Service as respondents. See Petition, case caption.

Because David L. Winn, Warden is the party having day to day control over the facility where petitioner is being detained, the Court will direct the Clerk to amend the case caption to reflect

that Warden Winn is the sole respondent in this action.

   III.   <u>The Clerk Shall Serve of Petition</u>

The Court will direct the Clerk to serve the petition on (1) Warden Winn; (2) the United States Attorney; and (3) the Special Assistant United States Attorney at the Department of Homeland Security, Bureau for Citizenship and Immigration Services.  <u>See</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (service) 1(b) (application of rules).

CONCLUSION

   ACCORDINGLY, for the reasons stated above,

   (1) the Clerk shall correct the case caption to list David L. Winn, Warden, as the sole respondent;

   (2) the Clerk shall serve by certified mail a copy of the habeas petition upon:  (i) the Office of the United States Attorney; (ii) Frank Crowley, Department of Homeland Security, Special Assistant United States Attorney, P.O. Box 8728, JFK Station, Boston, MA  02114; AND (iii) David L. Winn, Warden, P.O. Box 880, Ayer, MA 01432;

   (3) the Respondent shall file an answer (or other responsive pleading) to the habeas petition, within twenty (20) days of receipt of this Order;

   (4)  the Respondent shall file with it's response to the habeas petition proposed conditions of release, if any exist;

   (5) the respondent shall provide the Court with at least 48 hours  (i.e. two (2) business days) advance notice of any

scheduled deportation or removal of petitioner;

(6) the petitioner shall, within forty-two (42) days of the date of this Memorandum and Order, pay the $5.00 filing fee. Failure to do so will subject this action to dismissal.

SO ORDERED.

Dated at Boston, Massachusetts, this 5th day of May 2005.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE