UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUAN CARLOS HERNANDEZ,<br>      Petitioner,<br><br>      v.<br><br>DAVID L. WINN, Warden,<br>      Respondent. | CIVIL ACTION NO. 05-40068-PBS |

**MEMORANDUM AND ORDER**

June 7, 2005

Saris, U.S.D.J.

    On April 27, 2005 Juan Carlos Hernandez, a Cuban man in a wheelchair, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Incarcerated at FMC-Fort Devens at the time he filed his petition, he is a Mariel Boatlift Cuban who was convicted of Burglary 2d degree and Larceny 3d degree in New York on June 8, 1984. After he completed his state prison sentence on April 24, 1991, he was transferred from state custody to federal custody by the INS. He contends he has been in federal custody for fourteen years in violation of the rights set forth in Clark v. Martinez, 125 S. Ct. 716 (January 12, 2005) (holding that habeas petition should have been granted for two Muriel Cubans because both were detained well past the 6-month presumptive detention period after their removal orders became final). The Court appointed counsel on June 1, 2005.

    At a status hearing (prior to appointment of counsel) on May

15, 2005, the government appeared and informed the court that the petitioner had already been released and was with his family in Florida.  Petitioner was not present at the hearing.  The Assistant United States Attorney argues that the case is moot and should be dismissed.

At the court's request, the government provided a list of eleven people from the Mariel Boatlift currently incarcerated at FMC-Fort Devens for medical or psychological reasons.  I order that the government's letter dated May 25, 2005 be docketed under seal because it contains confidential information about these detainees.  According to the government, Immigration and Customs Enforcement is reviewing all Mariel cases nationwide to determine what course of action is appropriate.  Under <u>Clark v. Martinez</u>, issued almost six most ago, it has a constitutional obligation to conduct this review and release eligible aliens to appropriate settings expeditiously.  However, these other cases are not before me.

According to the clerk's office, other cases filed in this district involving Mariel Cubans include: <u>Monetsino v. Chadbourne</u> 05-10319-RWZ (Mariel Cuban currently serving a state sentence at MCI Norfolk and challenging an immigration detainer; summarily dismissed 5/26/05); <u>Betancourt v. Ashcroft, et al.</u>, C.A. No. 04-11876-RCL (counsel appointed for petitioner, case pending); <u>Medero-Gonzalez v. Dep't of Homeland Sec., et al.</u>, C.A. No. 05-

10624-MLW (respondent files motion informing court that petitioner has been released); <u>Canizares v. Ashcroft</u>, C.A. No. 03-11574-NG (January 2005 Order issued for immediate conditional release, case closed); <u>Trapaga v. Chadbourne</u>, C.A. No. 04-12599-NMG (civilly committed at Mass Treatment Center); and <u>Mederos v. Chadbourne</u>, C.A. No. 04-12598-GAO (civilly committed at Mass Treatment Center).

    Petitioner's appointed counsel shall inform the court if he opposes the motion to dismiss the case as moot within fourteen (14) days.

                                        <u>S/PATTI B. SARIS</u>
                                        United States District Judge