**MANDATE**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2128

JUAN CARLOS HERNANDEZ,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

JUDGMENT

Entered: September 16, 2005

Consistent with Memorandum and Order entered by the Court this date, the above captioned case is transferred to the United States District Court for the District of Massachusetts. On remand, the Respondents' mootness claim should be considered by the district court in the first instance.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: NOV 07 2005

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
     Chief Deputy Clerk.

[Certified copies to the Hon. Patti B. Saris and Ms. Sarah Thornton, Clerk, United States District Court for Massachusetts. Copies to Mr. Barron, Mr. Grady, Mr. Cashman, & Ms. Livers.]

# United States Court of Appeals
## For the First Circuit

No. 05-2128

JUAN CARLOS HERNANDEZ,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

Before

Boudin, Chief Judge,
Selya and Howard, Circuit Judges.

MEMORANDUM AND ORDER

Entered: September 16, 2005

    On May 6, 2005, Juan Carlos Hernandez, a Mariel Cuban,[1] filed a habeas corpus petition in the district court challenging his continued detention under Clark v. Martinez, 125 S. Ct. 716 (2005). On May 13, 2005, petitioner was released from custody, prompting the respondents to move to dismiss the habeas petition as moot. On July 18, 2005, without ruling on the motion to dismiss, the district court transferred the case to this court, purportedly under the Real ID Act. Because we conclude that the jurisdiction-stripping and transfer provisions of the Real ID Act do not apply to this petition, which challenges only the petitioner's detention rather than his removal (no administrative removal order has issued), we direct the Clerk to transfer this case back to the district court.

    The Real ID Act deprives the district courts of habeas jurisdiction

---

[1] In 1980, approximately 120,000 Cubans left the Mariel harbor in Cuba and crossed to the United States by boat.

to review orders of removal, 8 U.S.C. § 1252(a)(5), <u>as added by</u> § 106(a)(1)(B) of the Real ID Act, Pub. L. 109-13, and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review," Real ID Act, § 106(c). As indicated in the legislative history of the Act, those provisions were not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders." H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005). Courts that have considered this issue have reached the same conclusion. <u>See</u> <u>Sissoko</u> v. <u>Rocha</u>, 412 F.3d 1021, 1033 (9th Cir. 2005); <u>Ahmad</u> v. <u>Chertoff</u>, 2005 WL 1799752, at *1-*2 (W.D. Wash. July 27, 2005); <u>Kanteh</u> v. <u>Ridge</u>, 2005 WL 1719217, at *1, *3 (D. Minn. June 30, 2005), <u>report and recommendation adopted</u>, 2005 WL 1705526 (D. Minn. July 19, 2005); <u>Cretu</u> v. <u>Chertoff</u>, 2005 WL 1630541, at *1 (W.D. La. June 29, 2005); <u>Garcia-Perez</u> v. <u>United States Dep't of Homeland Sec.</u>, 2005 WL 1398100, at *1 (W.D. Tex. June 13, 2005); <u>Morena</u> v. <u>Gonzáles</u>, 2005 WL 1367414, at *2 & n.2 (M.D. Pa. June 6, 2005).

Accordingly, the Clerk is directed to transfer this case back to the district court. Respondents' mootness claim should be considered by the district court in the first instance.

<u>So ordered</u>.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
Chief Deputy Clerk.

[Certified copies to the Hon. Patti B. Saris and Ms. Sarah Thornton, Clerk, United States District Court for Massachusetts. Copies to Mr. Barron, Mr. Grady, Mr. Cashman, & Ms. Livers.]